Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX   75242
(214) 767-1247
Elizabeth Ziegler, Trial Attorney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| | § | Case No. 12-40594-RFN-11 |
| **Meecham Hospitality LLC,** | § | |
| | § | |
| Debtor. | § | Hearing Date:  April 3, 2012 |
| | § | Hearing Time:  2:30 p.m. |

## UNITED STATES TRUSTEE'S OBJECTION TO INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PHILLIPS MURRAH P.C., COUNSEL FOR DEBTOR

TO THE HONORABLE RUSSELL F. NELMS,
UNITED STATES BANKRUPTCY JUDGE:

Comes now the United States Trustee for Region 6 and files this Objection to Motion for Interim Allowance of Compensation and Reimbursement of Expenses of Phillips Murrah, LLP, Counsel for the Debtors in Possession and represents the following:

### Overview

The United States Trustee objects to fee application of the Debtor's previous attorneys, Phillips Murrah, P.C. ("Applicant").  First, the interim fee application is premature as the court has not entered an order approving the employment of the firm, and correspondingly, no fees can be awarded.  Second, the Applicant has failed to demonstrate benefit to the estate that would warrant granting of fees as 1) the Applicant failed to properly obtain the consent of management prior to commencing this case and 2) the Application fails to disclose the disposition of the

**Objection**                                                                                                                                                         page 1 of 9

$25,000 pre-petition retainer.  Accordingly, the United States Trustee objects to the entire $7,338.00 in fees and $50 in expenses charged by the Applicant as not having been of benefit to the estate.

## Facts

### Background

1. Meecham Hospitality, LLC ("Debtor") filed its voluntary petition in bankruptcy on February 2, 2012.

2. Contemporaneously with filing its petition, the Debtor filed Schedules and a Statement of Financial Affairs.

3. In response to Statement of Financial Affairs question 21, the Debtor lists the following members:

   a. Jagmohan Dhillon as the Managing Member with a 25% interest;

   b. Harminder Dhillon as a Member with a 25% interest;

   c. Joginder Soni as a Member with a 50% interest; and

   d. Roger Pate as Acting Managing Member and authorized agent. [docket no. 1, Statement of Financial Affairs]

### Procedural History

*Authorization of Applicant's Employment*

4. On February 2, 2012, the Debtor filed an Application to Employ Phillips Murrah P.C. as Attorney for Debtor Meecham Hospitality, LLC. ("Application")  [docket entry no. 6]

5. The Applicant discloses the Debtor remitted a $25,000 pre-petition retainer and had previously received payment of $25,000 for fees and expenses in "advising Debtor in preparing the filing of its Chapter 11 Petition and first day motions". [docket entry no, 6, ¶ 22]

6. To date, the court has not entered an order approving that employment.

*First Day Matters*

7. On February 6, 2012, the court held a hearing on several first day matters including interim use of cash collateral, employee payroll and utilities.

8. At the hearing, member Dr. Joginder Soni appeared and announced that pursuant to a settlement agreement, he had the right to veto all decisions regarding the management of the Debtor, including, but not limited to the decision to put the Debtor into a chapter 11 bankruptcy.

9. However, the Debtor failed to consult with Dr. Soni prior to commencing this bankruptcy case.

10. After reviewing the settlement agreement, the court set a status conference for February 16, 2012 where Dr. Soni would inform the court whether he would exercise his veto power over the bankruptcy filing.

*Status Conference*

11. At the status conference, the parties announced the following agreements:

   a. By agreement, Dr. Soni would allow the Debtor to remain in bankruptcy.

   b. A new management company would be installed to oversee the day to day operations of the Debtor that met with the approval of the Debtor and Dr. Soni,

   c. Arthur Ungerman and Joyce Lindauer would step in and take over representation of the Debtor from the Applicant.

12. A representative of the United States Trustee's Office appeared and requested the Applicant formally withdraw from representation of the Debtor, and to disclose the reason for that withdrawal and to inform the court of the status of its pre-petition retainer.

13. To date, the Applicant has not filed a separate motion to withdraw as counsel for the Debtor.

*Fee Application of Phillips Murrah*

14. On March 6, 2012, the Applicant filed its *Motion for Interim Allowance of Compensation and Reimbursement of Expenses of Phillips Murrah P.C., Counsel for Debtor*, ("Fee Application") [docket entry no. 47] seeking allowance of $7,338.00 in post-petition fees and $50.00 in expenses for the period of February 2, 2012 through February 7, 2012.

15. The Fee Application states:

   a. "On February 13, 2012, after considerable negotiation with counsel for Soni and counsel for Debtor, Soni agreed to allow the Debtor to remain in bankruptcy, conditioned in part on the substitution of Arthur Ungerman and Joyce Lindauer ("New Counsel") as attorneys for Debtor. At that time, New Counsel agreed to assume responsibility as attorneys for Debtor, and Phillips Murrah agreed to voluntarily remove itself as attorneys for Debtor." [Application at ¶ 8]

   b. "With the filing of this Application, Phillips Murrah requests that it and its attorneys, Clayton D. Ketter, Robert J. Haupt and Andrew R. Chilson be relieved of any further responsibility in this matter." [Application at ¶ 11]

16. The Application also states:

   a. "Phillips Murrah's work as counsel for Debtor provided significant benefit to the Debtor, Debtor's estate, and by extension, all parties-in-interest. Some quantifiable benefits include:
      i. Successful tolling of imminent foreclosure by secured lender and subsequent negotiations with secured lender working towards consensual plan of reorganization;
      ii. Facilitated the Debtor's ability to remain in bankruptcy through extensive negotiations with Soni; and
      iii. Brought previously adverse members of Debtor together working towards the common goal of reorganization under the auspices of the bankruptcy court." [Application at ¶ 13]

17. The Fee Application does not disclose the status of the pre-petition retainer.

### Argument and Authority

*Fee Application is Premature as Employment is not Approved*

18.   Under §327 a Debtor is permitted to hire an attorney to represent it in bankruptcy court proceedings.  *See* 11 U.S.C. §327.  Payment of an attorney who is appointed under §327 is governed by 11 U.S.C. § 330, which provides that "[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a . . . professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered by [an] . . . attorney." 11 U.S.C. § 330(a)(1).   "The court may, on its own motion or on the motion of the United States Trustee . . . , award compensation that is less than the amount of compensation that is requested." 11 U.S.C. §330(a)(2).  A pre-condition to payment of fees is court approval of the professional's employment.

19.   As the Applicant has failed to obtain court approval of its employment, no fees can be awarded.  Although the Applicant filed its Application to Employ on February 2, 2012, no order approving that employment has been entered.  By this Fee Application, the Applicant seeks to limit its representation to the period of February 2, 2012 through February 7, 2012.  Until an order approves the Applicant's employment for that time period, no fees can be awarded.

*No Benefit to the Estate as Failed to Obtain Proper Consent to File Bankruptcy*

20.   Section 330(a)(2) provides that the Court may award compensation that is less than the amount of compensation that is requested.  In determining the amount of reasonable compensation to be awarded to a professional person, the Court is charged to consider the nature, extent and value of such services taking into all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under the Bankruptcy Code; (D) whether the services were performed

within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. 11 U.S.C. § 330(a)(3).

21. This provision codifies the "necessary" and "beneficial" standard that the Fifth Circuit and other courts in common law tests for quantifying fees. In *Andrews & Kurth, LLP v. Family Snacks, Inc.* (*In re Pro-Snax Distribs., Inc.*), 157 F.3d 414, 426 (5th Cir. 1998), provided a standard for evaluating "necessary" and "beneficial" at the term the services were rendered, explaining that the "chance of success must outweigh the costs of pursuing the action." *Id.* at 426. For example, in *Pro Snax,* the debtor's law firm should have recognized from the beginning of the administration of the case that a Chapter 11 plan would fail given that the Petitioning Creditors, who had originally placed the Debtor in an involuntary chapter 7, repeatedly asserted that the case should have been liquidated in a chapter 7. *Id.* Here, Debtor's counsel, an experienced chapter 11 bankruptcy practitioner, should have known from the outset that failure to obtain consent from the controlling member of the Debtor would not benefit the estate.

22. Ethical considerations must play a role in a court's determination of the propriety of awarding professional fees. As illustrated in the landmark *In re Kendavis Industries International, Inc.*, conflicts of interest, whether actual or apparent, can play a role in that determination. *In re Kendavis Indus. Intn'l, Inc.* 91 B.R. 742, 748-57 (Bankr. N.D. Tex. 1988). The central issue regarding payment of fees to the Debtor's law firm, was whether an apparent conflict of interest was present by the conduct of the firm in serving the needs of the principals of

the Debtor over the needs of the Debtor itself. Although the law firm did not actually represent the partners[1], the way the Debtor administered its case was indicative that the partners' interests were paramount to the Debtor's interest, and created an apparent conflict of interest, which was grounds for disallowment of fees. *Id*.

23.     Similarly, the Fifth Circuit upheld the decision of the bankruptcy court to deny compensation to a Debtors attorney where an apparent conflict of interest arose in *In re Humble Place Joint Venture*, 936 F.2d 814, 819 (5th Cir. 1991). In *Humble Place* the Debtor proposed a plan that "was clearly formed to benefit the partners rather than the creditors" and acted in other ways that evidenced conflict issues. The Fifth Circuit affirmed the bankruptcy judge's order disgorging the law firm's $40,000 retainer. *Id*. This holding was consonant with other Fifth Circuit precedent holding that the bankruptcy court has wide discretion to reduce fees or order disgorgement as a sanction for nondisclosure. *Arens v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995) (citing 11 U.S.C. §§ 327, 1107(a); string citations of cases discussing failure to disclose disqualifying facts omitted); *see also 11 U.S.C. sec. 330(a)(2)* (allowing bankruptcy court to reduce compensation requests).

24.     Here, the Applicant failed to obtain the proper consent for filing this bankruptcy case from all parties. As a result of failing to obtain that consent, it appears they were fired by Dr. Soni as part of his consent to allow the Debtor to remain in bankruptcy. It is disingenuous for the Applicant to now claim the services they provided were of a benefit to the estate in filing this case as they did not have proper authority from the member who is ultimately responsible for making key decisions such as when and if to file for bankruptcy, who to hire to represent it in bankruptcy, and the terms and conditions of that representation. The Applicant was aware of

---

[1] The partners Ken Davis and Cullen Davis were not represented by counsel during the administration of this case. *Id*. at 750.

both the settlement agreement, and Dr. Soni's management interest at the time this case was filed. The fact that Dr. Soni allowed the Debtor to remain in bankruptcy does not erase the failure of the Applicant to properly consult with management before initiating this case. As the Applicant failed to act as a fiduciary to the estate by failing to obtain consent to filing this bankruptcy, the Court should, therefore, disallow all of the Applicant's fees as not having benefitted the estate.

25. The Applicant has also failed to disclose the disposition of the $25,000 pre-petition retainer they received before commencing this case in the Fee Application. It is unclear if the retainer has been returned to the Debtor, or to Debtor's counsel. Until the status of the retainer is disclosed, the Applicant's fees should be denied.

Wherefore, the United States Trustee for Region 6 requests that the Court enter an order (1) disallowing $7,388.00in the Applicant's fees and $50 in the Applicant's expenses; and (2) granting such other and further relief as is just and proper.

Dated: March 29, 2012                    Respectfully Submitted,
                                         WILLIAM T. NEARY
                                         UNITED STATES TRUSTEE

                                         */s/ Elizabeth A. Ziegler*
                                         Elizabeth A. Ziegler
                                         Trial Attorney
                                         State Bar of New York
                                         Office of the United States Trustee
                                         1100 Commerce St.  Room 976
                                         Dallas, Texas  75242
                                         (214) 767-1247

## Certificate of Service

I certify that I sent copies of the foregoing document on March 29, 2012 to the following parties via First Class U.S. Mail or via ECF.

**Meecham Hospitality, LLC**
4635 Gemini Place
Fort Worth, TX 76106

**Jeffery D. Carruth**
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX 76015

**Andrew R. Chilson**
**Robert J. Haupt**
**Clayton D. Ketter**
Phillips Murrah P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102

**Joyce W. Lindauer**
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Ln. Ste. 301
Dallas, TX 75231

**Arthur I. Ungerman**
Arthur I. Ungerman, Esquire
One Glen Lakes Tower
8140 Walnut Hill Ln., No. 301
Dallas, TX 75231

**Mark Edward Andrews**
Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, TX 75270

**Laurie Spindler Huffman**
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201

**William A. Frazell**
Office of the Attorney General
300 West 15th Street
8th Floor
Austin, TX 78701

**Elizabeth Banda Calvo**
Perdue, Brandon, Fielder, Collins & Mott
P.O. Box 13430
Arlington, TX 76094-0430

*/s/ Elizabeth A. Ziegler*
Elizabeth A. Ziegler