U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed May 15, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 12-40594-11 |
| MEECHAM HOSPITALITY, LLC, § | |
| § | Chapter 11 |
| § | |
| DEBTOR. § | |

**ORDER AUTHORIZING DEBTOR TO
ENTER INTO A HOTEL MANAGEMENT AGREEMENT, AS TEMPORARILY
MODIFIED, WITH HMC HOSPITALITY OPERATING COMPANY**

Came on for consideration the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Enter into a Hotel Management Agreement, as Temporarily Modified, with HMC Hospitality Operating Company* (the "Motion"), filed by Meecham Hospitality, LLC (the "Debtor"), pursuant to section 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"). The Court finds that: (i) notice of the Motion was sufficient and proper under the circumstances; (ii) no other or further notice need be given; (iii) the terms of this Order are fair, equitable and in the best interests of the Debtor, its estate and creditors and other parties in interest; and (iv) good cause exists for entry of this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

3946556.2

1. The Motion is **GRANTED** as set forth herein.

2. The *Hotel Management Agreement* (the "Agreement"), with the temporary modifications set forth herein, is in the best interest of the estate. As such, the Debtor is hereby authorized to execute the Agreement with HMC Hospitality Operating Company (the "Management Company"), and such execution shall be effective as of the Effective Date (defined in the Agreement).

3. The Management Company is hereby authorized and directed to provide such services contemplated in the Agreement, and the Debtor is hereby authorized and directed to pay such fees and costs due to the Management Company as contemplated in the Agreement.

4. Notwithstanding the terms of the Agreement, Article 20 shall not be effective or binding on the parties until the earlier of the entry of an order confirming a Chapter 11 plan in this bankruptcy case or the closing of the bankruptcy case. Until either such events occurs, the Court shall retain exclusive jurisdiction over any and all disputes arising from the Agreement, including without limitation the determination of any amounts payable to Management Company under the Agreement.

5. The Court shall retain jurisdiction to resolve any and all disputes arising from this Order.

6. There shall be no fourteen (14) day delay in execution on this Order and it is fully effective upon entry by the Court

### # # # END OF ORDER # # #

**ORDER SUBMITTED BY:**
Joyce Lindauer
Arthur Ungerman
Attorneys at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
972-503-4033
Counsel to the Debtor and Debtor-in-Possession