Mark E. Andrews
State Bar No. 01253520
Aaron M. Kaufman
State Bar No. 24060067
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
(214) 698-7800
(214) 698-7899 (Fax)
mandrews@coxsmith.com
akaufman@coxsmith.com

COUNSEL FOR CITY BANK, TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 12-40594-11 |
| MEECHAM HOSPITALITY, LLC, § | |
| § | Chapter 11 |
| § | |
| DEBTOR. § | |

### MOTION TO LIFT THE AUTOMATIC STAY

TO THE HONORABLE RUSSELL F. NELMS,
UNITED STATES BANKRUPTCY JUDGE:

      PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

      IF YOU OBJECT TO THE RELIEF REQUESTED HEREIN, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH TO THIS PLEADING, UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE THE CLOSE OF BUSINESS ON JUNE 14, 2012, WHICH IS AT LEAST FOURTEEN (14) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.

      YOU MUST SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE MOVANT AND THE UNITED STATES TRUSTEE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE

**STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED**

City Bank, Texas ("City Bank" or "Movant") files this *Motion to Lift the Automatic Stay* (the "Motion"), and would respectfully show the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. Pre-Petition Debt

2. On or about July 2, 2008, the Debtor executed that certain Promissory note ("Note 1") in the original face amount of $12,000,000.00. Note 1 is secured by a Deed of Trust recorded contemporaneously with Tarrant County, Texas. As of the petition date, the principal amount due under Note 1 was $11,548,359.26, plus interest through the petition date of $40,705.35. On or about November 12, 2010, the Debtor executed a second note ("Note 2") in the original principal amount of $839,823.82. Like Note 1, Note 2 also has a recorded Deed of Trust as security.

3. The Debtor sought relief on or about February 2, 2012 (the "Petition Date"). As the Court is aware, the Debtor is owned primarily by two individuals—Mr. Dhillon and Dr. Soni. Jag Dhillon had acted as management for the Debtor and owns about 25% of the equity. According to Dr. Soni's assertions, he lent the entity about $1.7 million and, after litigation, became the party with authority to legally operate the entity and the other 50% owner.

### B. Post-Petition Operations and the Plan

4. Debtor filed its petition for relief on February 2, 2012. After skirmishing over the identity of counsel, the Debtor retained Arthur Ungerman and Joyce Lindauer as counsel, and

2

generally, the Debtor made progress. The Debtor and City Bank cooperated on cash collateral, agreed to retain an independent manager for the hotel and avoided unnecessary conflict. On or about March 25, 2012, the Debtor filed its first chapter 11 plan of reorganization (the "Plan"). The Plan treats City Bank's claim as follows:

    (a)    City Bank receives an allowed secured claim for $8.2 million, which will be secured by a first lien on the hotel's real and personal property; and

    (b)    City Bank will be paid over 5 years at an interest rate which increases on an annual basis (4% for the first and second years, 5% for years three through five).

5.    The Plan provides that Mr. Dhillon will retain his equity, provided that he contributes $75,000.00 in cash and agrees to continue providing hotel management services without taking the customary fee (around 3%). Over the life of the Plan, Mr. Dhillon believes such services will amount to a contribution of approximately $600,000.00.

6.    The economics of the Plan, as proposed, are:

    (a)    Debtor writes down approximately $5 million in debt;

    (b)    Debtor operates the hotel for 5 years and pays interest of 4% and then 5% on a 30 year amortization;

    (c)    The principal reduction over the life of the 5 year loan is minimal;

    (d)    Debtor receives all of the upside of value of hotel increase;

    (e)    The cash up front cost to the Debtor is only $75,000.00.

In short, the Debtor, for the price of $75,000.00 (less than 1% of the outstanding debt) takes all of the upside.

### III. RELIEF REQUESTED

7.    By this Motion, City Bank reluctantly seeks relief from the automatic stay to pursue its rights and remedies under the loan documents and applicable state law with respect to the collateral and any non-debtor guarantors.

3

## IV. ARGUMENTS AND AUTHORITY

8. Section 362(d)(2) of the Bankruptcy Code provides that relief from the automatic stay shall be granted on this Motion, if: (a) the Debtor does not have an equity in City Bank's collateral; and (B) City Bank's collateral is not necessary to an effective reorganization. "In every case where a creditor seeks relief under § 362(d)(2), the creditor has the burden to establish the lack of equity in the property and the debtor has the burden to establish that the property is necessary for an effective reorganization." *In re Canal Place Ltd. Partnership,* 921 F.2d 569, 576 (5th Cir. 1991) (citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988)); *see also* 11 U.S.C. § 365(g).

9. City Bank asserts that the value of its collateral is approximately $9.9 million. The debt, as previously set forth, is in excess of $12 million. Based on the information presently available, City Bank would show that the Debtor has no equity in City Bank's collateral.

10. While the property concededly would be necessary to an effective reorganization, the Plan on the table does not have a reasonable likelihood of being confirmed and, instead, merely postpones a day of reckoning. *See In re Canal Place Ltd. P'ship,* 921 F.2d at 577. "[A] majority of courts which have addressed the issue of an 'effective reorganization' require a showing of a reasonable prospect for a successful reorganization within a reasonable time before allowing the stay to remain in effect." *Id.* (citing *Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 370 (5th Cir.1987) (en banc), *aff'd*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988)). To carry this burden, the Debtor must "do more than manifest unsubstantiated hopes for a successful reorganization." *Id.*

11. The Plan as proposed is not confirmable for a number of reasons, including without limitation the following:

4023006.1

    (a)    The Plan likely does not comply with title 11;

    (b)    The Plan is not proposed in good faith;

    (c)    It appears unlikely there will be an impaired accepting class;

    (d)    Given the monthly operating reports and projections, and the lack of capital infused, it appears unlikely there are sufficient reserves to cover taxes, insurance, property improvement plans, and it is therefore likely this Plan, if confirmed, will require a liquidation or additional refinancing in the future;

    (e)    The Plan allows present equity holders to maintain their interests in the Debtor without paying all unsecured claims in full, and without requiring any significant new capital injunctions. Under the circumstances, even assuming there exists an exception, the Plan as proposed violates the absolute priority rule; and

    (f)    The Plan fails the best interest of creditors test, as City Bank would receive more value if its collateral was liquidated through Chapter 7.

12. Under these circumstances, City Bank reluctantly requests that the stay be lifted and that City Bank be allowed to foreclose. City Bank intends to seek a hearing on this Motion for the same date as confirmation, or as soon as practicable thereafter.

## V. CONCLUSION AND PRAYER

WHEREFORE, City Bank respectfully requests that the Court enter an Order: (a) granting this Motion; (b) lifting the automatic stay to allow City Bank to take any and all actions under its loan documents and applicable Texas law to foreclose on and take custody of the Collateral; and (c) providing such other and further relief to which it is justly entitled.

| | |
|---|---|
| Dated: May 31, 2012 | Respectfully submitted by, |

*/s/ Mark E. Andrews*
Mark E. Andrews
State Bar No. 01253520
Aaron M. Kaufman
State Bar No. 24060067
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Telephone: 214.698.7800
Facsimile: 214.698.7899
E-Mail: mandrews@coxsmith.com
E-Mail: akaufman@coxsmith.com

**COUNSEL TO CITY BANK, TEXAS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 31st day of May, 2012, I attempted to contact Arthur Ungerman, counsel for the Debtor, in order to discuss the filing of the *Motion for Relief from Automatic Stay* (the "Motion"), but was unable to reach him. Based on prior conversations with Mr. Ungerman regarding the Plan, we assume the Debtor opposes lifting the stay.

*/s/ Mark E. Andrews*
Mark E. Andrews

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 31st day of May, 2012, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and upon those additional parties listed on the attached Service List by email and/or First Class United States Mail postage prepaid, unless otherwise noted. Copies of the attached exhibits were not mailed to those parties receiving a copy via First Class mail; however, copies of the documents are available upon request. A copy of the Motion with exhibits attached has been forwarded to counsel for the Debtor.

*/s/ Mark E. Andrews*
Mark E. Andrews

## SERVICE LIST

**Meecham Hospitality, LLC**
2100 Estes Park Drive
Southlake, TX 76092

**Clayton D. Ketter**
Phillips Murrah P.C.
101 N. Robinson, 13th Floor
Oklahoma City, OK 73102
cdketter@phillipsmurrah.com

**Jeff Carruth**
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
jcarruth@wkpz.com

Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1496
ECF: ustpregion06.da.ecf@usdoj.gov

**Joyce Lindauer**
**Arthur I. Ungerman**
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231

## NOTICES OF APPEARANCE

**Eagle Mountain-Saginaw ISD**
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
PO Box 13430
Arlington TX 76-94-0430
Email: ebcalvo@pbfcm.com

**Tarrant County**
c/o Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., #1600
Dallas, TX 75201
ECF: dallas.bankruptcy@publicans.com

**William A. Frazell**
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, Texas 78711-2548

**Christopher B. Mosley**
Senior Assistant City Attorney
City of Fort Worth
1000 Throckmorton Street
Fort Worth, Texas 76102

**Nathan W. Shackelford**
Alston & Bird LLP
2828 N. Harwood street, Suite 1800
Dallas, Texas 75201

**Lieb M. Lerner**
Alston & Bird LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071

**Kevin M. Lippman**
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659