# EXHIBIT "A"

# EXHIBIT A-1

# July 2, 2008 Promissory Note

OFFICER: DON VO
CML # 6700039
FED CODE: 05-1E-04

#925
6700039 - L
26- 1341392 - T
DAV

## PROMISSORY NOTE

$12,000,000.00                                              July 2, 2008

     Meecham Hospitality, LLC, a Texas limited liability company, whose address for notice is 2000 Bridget Marie Drive, Modesto, California 95351 ("Borrower"), hereby promises to pay to the order of City Bank, a Texas banking association, whose address for notice is 2615 W. Pioneer Parkway, Suite 101, Grand Prairie, Texas 75051 (the "Bank"; Bank and any subsequent holder hereof being hereinafter referred to as "Holder"), at such address or such other place as Holder may direct, in lawful money of the United States of America, the principal amount of Twelve Million and No/100 Dollars ($12,000,000.00) or, if less than such principal amount, the aggregate principal amount advanced by the Holder from time to time to the Borrower together with interest at the Applicable Rate as set forth below.

     Payment of principal and interest on this Note shall be in accordance with the following provisions:

    1.     <u>Definitions</u>.

        (a)     "<u>Applicable Rate</u>" shall mean the fixed rate equal to the seven and one-half percent (7.50%) per annum.

        (b)     "<u>Business Day</u>" shall mean a day (other than Saturday or Sunday) when Bank is open for conducting all of its customary commercial banking activities.

        (c)     "<u>Deed of Trust</u>" shall mean that certain Deed of Trust, Security Agreement, Assignment of Leases and Rentals, and Financing Statement, of even date herewith by Borrower, as Grantor, to Kevin Bass, as Trustee, for the benefit of Bank, covering and constituting a first lien on certain real property more particularly described therein.

        (d)     "<u>Default Rate</u>" shall mean the Applicable Rate plus 3% not to exceed the Maximum Rate. Upon each change in the Applicable Rate, the Default Rate shall simultaneously change to correspond with such change in the Applicable Rate.

        (e)     "<u>Loan</u>" shall mean the loan from Holder to Borrower in the amount of the Note.

        (f)     "<u>Loan Agreement</u>" shall mean that certain Loan Agreement of even date herewith between Borrower and Bank setting forth terms and conditions that effect the Loan.

        (g)     "<u>Maximum Rate</u>" shall mean, with respect to Holder, the maximum non-usurious interest rate, if any, that at any time, or from time to time, may be contracted for, taken, reserved, charged, or received on the indebtedness

evidenced by this Note, under the laws which are presently in effect of the United States and the State of Texas applicable to such Holder and to such indebtedness or, to the extent permitted by law, under such applicable laws of the United States and the State of Texas which may hereafter be in effect and which allow a higher maximum nonusurious interest rate than applicable laws now allow.

(h) "Note" shall mean this Promissory Note.

(i) "Security Documents" shall mean this Note, the Loan Agreement, the Deed of Trust, and any and all other documents or instruments referenced in the Loan Agreement or otherwise executed by Borrower or third parties in connection with the Loan.

2. Payment. This Note is due and payable as follows:

Beginning on the 2nd day of the month following the date of this Note and monthly thereafter on the 2nd day of each month, Borrower shall pay to Bank seventeen (17) equal installments of principal and accrued interest in the amount of $89,532.07 each (such payment having been calculated to allow all principal then outstanding to be amortized over a term of 25 years commencing on the date of this Note, with level payments during such period). A final eighteenth (18th) balloon installment equal to the entire then outstanding principal balance of the Note, plus accrued interest and all other amounts due with respect to the Note under the Security Documents shall be due and payable on January 2, 2010.

3. Other Payment Terms.

(a) Should any payment become due and payable on any day other than a Business Day for Bank, the date of such payment shall be extended to the next succeeding Business Day, and, in the case of a payment of principal or past due interest or any installment of either thereof, interest shall accrue and be payable thereon for the period of such extension at the applicable interest rate or rates specified herein.

(b) If any installment becomes overdue for more than fifteen (15) days, at Bank's option a late payment charge of five percent (5%) of the delinquent installment may be charged.

(c) Matured unpaid principal and interest shall bear interest from date of maturity until paid at a per annum interest rate equal to the Default Rate.

(d) Except for purposes of computing the Maximum Rate, interest shall be calculated on the basis of a 365/360-day year; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal is outstanding, unless such calculation would result in a usurious rate, in which

case interest shall be computed on a per diem basis of a year of 365 or 366 days, as the case may be.

(e)  Each payment by Borrower on account of the principal of or interest on this Note or of any fee or other amount payable to Bank shall be made not later than 4:00 p.m. on the applicable due date (or if such day is not a Business Day, the next succeeding Business Day). Any payment made after 4:00 p.m. shall be credited on the next succeeding Business Day. All payments shall be made to Bank at Bank's office, in U.S. Dollars, in immediately available funds and shall be made without any setoff, counterclaim or deduction whatsoever.

4.  <u>Security Documents</u>. The indebtedness evidenced hereby is secured by the Security Documents. This Note is included in the indebtedness referred to in the Security Documents and is entitled to the benefits of those documents, but neither this reference to those documents nor any provisions thereof shall affect or impair the absolute and unconditional obligation of the Borrower to pay the principal of and interest on this Note when due.

5.  <u>Events of Default</u>. The term "Event of Default" as used herein shall have the meaning given that term in the Loan Agreement. Upon the happening of an Event of Default or at any time thereafter during the continuance of any such event, the Holder may, at its option, without notice or demand, (i) declare the outstanding principal balance of and accrued but unpaid interest on this Note at once due and payable, (ii) refuse to advance any additional amounts under this Note, (iii) foreclose all liens securing payment hereof, (iv) pursue any and all other rights, remedies and recourses available to the holder hereof, including but not limited to any such rights, remedies or recourses under the Security Documents, at law or in equity, or (v) pursue any combination of the foregoing; and in the event default is made in the prompt payment of this Note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through probate, bankruptcy or other judicial proceedings, then the Borrower agrees and promises to pay all costs of collection, including reasonable attorneys' fees. Reference is made to the Security Documents for a statement of the terms and conditions under which the loan represented by this Note is being made available to Borrower and of additional terms and conditions under which this Note may be accelerated.

6.  <u>Waivers</u>. Borrower and each guarantor, accommodation party, surety, endorser or other person or entity liable for the payment or collection of this Note expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate, notice of acceleration, all other notices, bringing of suit and diligence in taking any action to collect amounts called for hereunder or enforcing any security or guaranty, and agree to any substitution, exchange or release of any security, with or without consideration, now or hereafter given for this Note or the release of any party primarily or secondarily liable hereon. Borrower and each guarantor, accommodation party, surety, endorser or any other person or entity liable for the payment or collection of this Note further agrees that it will not be necessary for the owner or Holder hereof, in order to enforce payment of

this Note, to first institute or exhaust its remedies against any Borrower or other party liable hereon or to enforce its rights against any security or guaranty for this Note, and hereby consents to the renewal and extension from time to time of this Note, and any other indulgence with respect hereto without notice of any such renewal, extension or indulgence, and without limit as to the number of such renewals, extensions or indulgences or the period or periods thereof.

7. <u>Attorneys' Fees and Costs</u>. Borrower agrees to pay reasonable attorneys' fees and costs incurred by the Holder in collecting or attempting to collect this Note, whether by suit or otherwise.

8. <u>Limitations on Interest</u>.

(a) It is the intention of the Bank and the Borrower to conform strictly to any applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under any applicable law, then, in that event, notwithstanding anything to the contrary in this Note, the Security Documents or any other agreement entered into in connection with or as security for or guaranteeing the Loan Agreement or this Note, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is contracted for, taken, reserved, charged or received by the Bank under this Note, the Security Documents or under any other agreement entered into in connection with or as security for or guaranteeing the Loan Agreement or this Note shall under no circumstances exceed the Maximum Rate, and any excess shall be canceled automatically and, if theretofore paid, shall, at the option of the Bank, be credited by the Bank on the principal amount of any indebtedness owed to the Bank by the Borrower or refunded by the Bank to the Borrower; and (ii) in the event that the maturity of this Note is accelerated or in the event of any required or permitted prepayment, then such consideration that constitutes interest under law applicable to the Bank may never include more than the Maximum Rate, and excess interest, if any, provided for in this Note, the Security Documents or otherwise shall be canceled automatically as of the date of such acceleration or prepayment and, if theretofore paid, shall, at the option of the Bank, be credited by the Bank on the principal amount of any indebtedness owed to the Bank by the Borrower or refunded by the Bank to the Borrower.

(b) Notwithstanding anything herein to the contrary, in no event will interest payable to the Bank exceed the Maximum Rate (after taking into account all charges payable to the Bank which constitute interest under such applicable law), but if any amount referred to in this Note which would be payable to the Bank but for the applicability of usury or other laws limiting the consideration payable to the Bank is not paid to the Bank as a result of the applicability of such laws, then interest on the outstanding principal balance of this Note payable to the Bank shall, to the extent permitted by the law, accrue at the Maximum Rate (after taking into account all charges payable to the Bank which constitute interest under applicable law) until the total amount received by the Bank equals the amount it would have received had no such laws been applicable.

9.  **Applicable Law; Assigns.**  This Note shall be governed by, and construed in accordance with, the laws of the State of Texas (except that Chapter 346 of the Texas Finance Code, which regulates certain revolving credit loan accounts and revolving tri-party accounts, shall not apply to this Note or any transaction contemplated hereby); subject, however, to the effect of applicable federal law. As used herein, the terms "Borrower", "Bank" and "Holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law.

10. **Participations.**  Bank, its successors and assigns, may assign to one or more persons or entities all or any portion of its rights and obligations hereunder and may sell participations therein, in each case, without the consent of the Borrower. From and after any such assignment or sale, the assignee or participant in connection therewith shall have all of the rights and obligations of Bank (or the applicable assignor), to the extent of such assignment or participation, as applicable.

**THIS NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

IN WITNESS WHEREOF, Borrower has caused this Note to be duly executed and delivered as of the date above written.

BORROWER:

Meecham Hospitality, LLC

By: _____
Jagmohan S. Dhillon, Manager

OFFICER: DON VO
CML # 6700039
FED CODE: 05-1E-04

#925
6700039 - L
26- 1341392 -T
DAV

## PROMISSORY NOTE

$12,000,000.00                                                                    July 2, 2008

    Meecham Hospitality, LLC, a Texas limited liability company, whose address for notice is 2000 Bridget Marie Drive, Modesto, California 95351 ("Borrower"), hereby promises to pay to the order of City Bank, a Texas banking association, whose address for notice is 2615 W. Pioneer Parkway, Suite 101, Grand Prairie, Texas 75051 (the "Bank"; Bank and any subsequent holder hereof being hereinafter referred to as "Holder"), at such address or such other place as Holder may direct, in lawful money of the United States of America, the principal amount of Twelve Million and No/100 Dollars ($12,000,000.00) or, if less than such principal amount, the aggregate principal amount advanced by the Holder from time to time to the Borrower together with interest at the Applicable Rate as set forth below.

    Payment of principal and interest on this Note shall be in accordance with the following provisions:

    1.    <u>Definitions</u>.

        (a)    "<u>Applicable Rate</u>" shall mean the fixed rate equal to the seven and one-half percent (7.50%) per annum.

        (b)    "<u>Business Day</u>" shall mean a day (other than Saturday or Sunday) when Bank is open for conducting all of its customary commercial banking activities.

        (c)    "<u>Deed of Trust</u>" shall mean that certain Deed of Trust, Security Agreement, Assignment of Leases and Rentals, and Financing Statement, of even date herewith by Borrower, as Grantor, to Kevin Bass, as Trustee, for the benefit of Bank, covering and constituting a first lien on certain real property more particularly described therein.

        (d)    "<u>Default Rate</u>" shall mean the Applicable Rate plus 3% not to exceed the Maximum Rate. Upon each change in the Applicable Rate, the Default Rate shall simultaneously change to correspond with such change in the Applicable Rate.

        (e)    "<u>Loan</u>" shall mean the loan from Holder to Borrower in the amount of the Note.

        (f)    "<u>Loan Agreement</u>" shall mean that certain Loan Agreement of even date herewith between Borrower and Bank setting forth terms and conditions that effect the Loan.

        (g)    "<u>Maximum Rate</u>" shall mean, with respect to Holder, the maximum non-usurious interest rate, if any, that at any time, or from time to time, may be contracted for, taken, reserved, charged, or received on the indebtedness

evidenced by this Note, under the laws which are presently in effect of the United States and the State of Texas applicable to such Holder and to such indebtedness or, to the extent permitted by law, under such applicable laws of the United States and the State of Texas which may hereafter be in effect and which allow a higher maximum nonusurious interest rate than applicable laws now allow.

(h) "Note" shall mean this Promissory Note.

(i) "Security Documents" shall mean this Note, the Loan Agreement, the Deed of Trust, and any and all other documents or instruments referenced in the Loan Agreement or otherwise executed by Borrower or third parties in connection with the Loan.

2. Payment. This Note is due and payable as follows:

Beginning on the 2nd day of the month following the date of this Note and monthly thereafter on the 2nd day of each month, Borrower shall pay to Bank seventeen (17) equal installments of principal and accrued interest in the amount of $89,532.07 each (such payment having been calculated to allow all principal then outstanding to be amortized over a term of 25 years commencing on the date of this Note, with level payments during such period). A final eighteenth (18th) balloon installment equal to the entire then outstanding principal balance of the Note, plus accrued interest and all other amounts due with respect to the Note under the Security Documents shall be due and payable on January 2, 2010.

3. Other Payment Terms.

(a) Should any payment become due and payable on any day other than a Business Day for Bank, the date of such payment shall be extended to the next succeeding Business Day, and, in the case of a payment of principal or past due interest or any installment of either thereof, interest shall accrue and be payable thereon for the period of such extension at the applicable interest rate or rates specified herein.

(b) If any installment becomes overdue for more than fifteen (15) days, at Bank's option a late payment charge of five percent (5%) of the delinquent installment may be charged.

(c) Matured unpaid principal and interest shall bear interest from date of maturity until paid at a per annum interest rate equal to the Default Rate.

(d) Except for purposes of computing the Maximum Rate, interest shall be calculated on the basis of a 365/360-day year; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal is outstanding, unless such calculation would result in a usurious rate, in which

case interest shall be computed on a per diem basis of a year of 365 or 366 days, as the case may be.

(e)  Each payment by Borrower on account of the principal of or interest on this Note or of any fee or other amount payable to Bank shall be made not later than 4:00 p.m. on the applicable due date (or if such day is not a Business Day, the next succeeding Business Day). Any payment made after 4:00 p.m. shall be credited on the next succeeding Business Day. All payments shall be made to Bank at Bank's office, in U.S. Dollars, in immediately available funds and shall be made without any setoff, counterclaim or deduction whatsoever.

4.  <u>Security Documents</u>. The indebtedness evidenced hereby is secured by the Security Documents. This Note is included in the indebtedness referred to in the Security Documents and is entitled to the benefits of those documents, but neither this reference to those documents nor any provisions thereof shall affect or impair the absolute and unconditional obligation of the Borrower to pay the principal of and interest on this Note when due.

5.  <u>Events of Default</u>. The term "Event of Default" as used herein shall have the meaning given that term in the Loan Agreement. Upon the happening of an Event of Default or at any time thereafter during the continuance of any such event, the Holder may, at its option, without notice or demand, (i) declare the outstanding principal balance of and accrued but unpaid interest on this Note at once due and payable, (ii) refuse to advance any additional amounts under this Note, (iii) foreclose all liens securing payment hereof, (iv) pursue any and all other rights, remedies and recourses available to the holder hereof, including but not limited to any such rights, remedies or recourses under the Security Documents, at law or in equity, or (v) pursue any combination of the foregoing; and in the event default is made in the prompt payment of this Note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through probate, bankruptcy or other judicial proceedings, then the Borrower agrees and promises to pay all costs of collection, including reasonable attorneys' fees. Reference is made to the Security Documents for a statement of the terms and conditions under which the loan represented by this Note is being made available to Borrower and of additional terms and conditions under which this Note may be accelerated.

6.  <u>Waivers</u>. Borrower and each guarantor, accommodation party, surety, endorser or other person or entity liable for the payment or collection of this Note expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate, notice of acceleration, all other notices, bringing of suit and diligence in taking any action to collect amounts called for hereunder or enforcing any security or guaranty, and agree to any substitution, exchange or release of any security, with or without consideration, now or hereafter given for this Note or the release of any party primarily or secondarily liable hereon. Borrower and each guarantor, accommodation party, surety, endorser or any other person or entity liable for the payment or collection of this Note further agrees that it will not be necessary for the owner or Holder hereof, in order to enforce payment of

Page 3 of 5
Promissory Note

Initialed for
Identification:

this Note, to first institute or exhaust its remedies against any Borrower or other party liable hereon or to enforce its rights against any security or guaranty for this Note, and hereby consents to the renewal and extension from time to time of this Note, and any other indulgence with respect hereto without notice of any such renewal, extension or indulgence, and without limit as to the number of such renewals, extensions or indulgences or the period or periods thereof.

7. **Attorneys' Fees and Costs.** Borrower agrees to pay reasonable attorneys' fees and costs incurred by the Holder in collecting or attempting to collect this Note, whether by suit or otherwise.

8. **Limitations on Interest.**

(a) It is the intention of the Bank and the Borrower to conform strictly to any applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under any applicable law, then, in that event, notwithstanding anything to the contrary in this Note, the Security Documents or any other agreement entered into in connection with or as security for or guaranteeing the Loan Agreement or this Note, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is contracted for, taken, reserved, charged or received by the Bank under this Note, the Security Documents or under any other agreement entered into in connection with or as security for or guaranteeing the Loan Agreement or this Note shall under no circumstances exceed the Maximum Rate, and any excess shall be canceled automatically and, if theretofore paid, shall, at the option of the Bank, be credited by the Bank on the principal amount of any indebtedness owed to the Bank by the Borrower or refunded by the Bank to the Borrower; and (ii) in the event that the maturity of this Note is accelerated or in the event of any required or permitted prepayment, then such consideration that constitutes interest under law applicable to the Bank may never include more than the Maximum Rate, and excess interest, if any, provided for in this Note, the Security Documents or otherwise shall be canceled automatically as of the date of such acceleration or prepayment and, if theretofore paid, shall, at the option of the Bank, be credited by the Bank on the principal amount of any indebtedness owed to the Bank by the Borrower or refunded by the Bank to the Borrower.

(b) Notwithstanding anything herein to the contrary, in no event will interest payable to the Bank exceed the Maximum Rate (after taking into account all charges payable to the Bank which constitute interest under such applicable law), but if any amount referred to in this Note which would be payable to the Bank but for the applicability of usury or other laws limiting the consideration payable to the Bank is not paid to the Bank as a result of the applicability of such laws, then interest on the outstanding principal balance of this Note payable to the Bank shall, to the extent permitted by the law, accrue at the Maximum Rate (after taking into account all charges payable to the Bank which constitute interest under applicable law) until the total amount received by the Bank equals the amount it would have received had no such laws been applicable.

9. <u>Applicable Law; Assigns</u>. This Note shall be governed by, and construed in accordance with, the laws of the State of Texas (except that Chapter 346 of the Texas Finance Code, which regulates certain revolving credit loan accounts and revolving tri-party accounts, shall not apply to this Note or any transaction contemplated hereby); subject, however, to the effect of applicable federal law. As used herein, the terms "Borrower", "Bank" and "Holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law.

10. <u>Participations</u>. Bank, its successors and assigns, may assign to one or more persons or entities all or any portion of its rights and obligations hereunder and may sell participations therein, in each case, without the consent of the Borrower. From and after any such assignment or sale, the assignee or participant in connection therewith shall have all of the rights and obligations of Bank (or the applicable assignor), to the extent of such assignment or participation, as applicable.

**THIS NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

IN WITNESS WHEREOF, Borrower has caused this Note to be duly executed and delivered as of the date above written.

BORROWER:

Meecham Hospitality, LLC

By: _____
Jagmohan S. Dhillon, Manager