Mark E. Andrews
State Bar No. 01253520
Aaron M. Kaufman
State Bar No. 24060067
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
(214) 698-7800
(214) 698-7899 (Fax)
mandrews@coxsmith.com
akaufman@coxsmith.com

COUNSEL FOR CITY BANK, TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 12-40594-11 |
| MEECHAM HOSPITALITY, LLC, § | |
| § | Chapter 11 |
| § | |
| DEBTOR. § | |

### SUPPLEMENTAL OBJECTION OF CITY BANK TO DEBTOR'S
### SECOND AMENDED PLAN OF REORGANIZATION DATED JUNE 20, 2012

**TO THE HONORABLE RUSSELL F. NELMS,**
**UNITED STATES BANKRUPTCY JUDGE:**

City Bank, Texas ("City Bank") files this supplemental objection (the "Objection") to the *Second Amended Plan of Reorganization Dated June 20, 2012* [Doc. No. 99] (the "Plan"), and would respectfully show the following:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)&(L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4265241.1

## II. BACKGROUND

2. The Debtor sought relief on or about February 2, 2012 (the "Petition Date"). As the Court is aware, the Debtor is owned primarily by two individuals—Mr. Dhillon and Dr. Soni. Jag Dhillon had acted as management for the Debtor and owns about 25% of the equity. According to Dr. Soni's assertions, he lent the entity about $1.7 million and, after litigation, became the party with authority to legally operate the entity and the other 50% owner.

3. City Bank holds a secured claim for at least $12,497,847.56, as set forth in Proof of Claim Number 14, filed in this bankruptcy Case.

4. City Bank has moved for relief from the automatic stay. *See* Doc. No. 95. Such motion is scheduled for hearing on September 26, 2012, in conjunction with the scheduled hearing on confirmation of the Plan.

5. In prior iterations of the plan, the Debtor proposed to allow City Bank's secured claim at $8.2 million—a $5 million write-down, make minimal principal payments over the first five years of the plan, pay the Debtor's principal a management fee, and require a new capital infusion of only $75,000 from the Debtor's principals. City Bank objected to the initial plan on the following bases:

    (a)    It did not comply with title 11;

    (b)    It was not proposed in good faith;

    (c)    There was no impaired accepting class;

    (d)    It did not properly treat City Bank's secured claim based on the value of the collateral;

    (e)    It was not feasible;

    (f)    It is not in the best interest of creditors; and

(g) It discriminated unfairly and was not fair and equitable such that it could have been confirmed under section 1129(b) of the Bankruptcy Code.[1]

6. On June 12, 2012, the Debtor filed the present Plan, this time proposing to treat City Bank more favorably. Under the present Plan, City Bank's claim was to be treated as follows:

(a) City Bank would have an allowed secured claim for $10,400,000.

(b) On the Effective Date of the Plan, the Debtor would pay down the allowed secured claim by $500,000, of which $250,000 would be made from the Debtor's cash on hand, and the remaining $250,000 would be made from a capital contribution made by the Debtor's principal(s).

(c) The $9.9 million balance of the allowed secured claim would be satisfied by new secured notes: Note A in the face amount of $9.2 million, and Note B in the face amount of $700,000. Note A is payable over four years using a 30 year amortization with 4% annual interest for years 1 and 2, 5% for years 3 and 4, and the balance due at maturity. Note B would require only interest payments at 4% for the four year term of the note, with the balance due at maturity.

(d) A third party manager will control the Debtor's hospital operations for the first year of the plan, and such manager may be replaced at the Debtor's discretions if there have been no defaults by the Debtor during the first year. However, if the Debtor defaults anytime thereafter, the plan requires the Debtor to retain a third-party manager again.

7. The Debtor represented to City Bank that certain modifications to the Plan may be required prior to confirmation. On September 21, 2012, days before the hearing on confirmation, the Debtor advised City Bank, through counsel, that it did not have the funds necessary to make the initial pay down as required under the Plan.

### III. OBJECTION

8. The Plan as proposed is not confirmable for a number of reasons, including without limitation the following:

---

[1] *See Objection of City Bank to Debtor's First Amended Plan of Reorganization Dated April 30, 2012* [Doc. No. 97].

3

4265241.1

(a) The Plan is not feasible. Not only is the Debtor unable to tender the initial pay down to City Bank as required under the Plan, but the payment terms proposed to City Bank are infeasible on the face of the Plan. The four-year maturity date on the two notes provided in satisfaction of City Bank's secured claim makes it highly likely—if not a certainty—that confirmation of the Plan will be followed by liquidation or the need for further refinancing by the Debtor in the future. On this basis alone, confirmation of the Plan must be denied.

(b) The Plan does not comply with title 11. Among other things, the Debtor appears to be proposing material modifications to the Plan after solicitation and prior to confirmation. Further, the Plan improperly classifies claims and does not treat similarly situated creditors alike under the Plan.

(c) The Plan is not proposed in good faith. Among other things, the Debtor proposes to use proceeds otherwise payable in satisfaction of City Bank's allowed secured claim to pay or buy out one or more principals of the Debtor.

(d) There is no impaired accepting class. On information and belief, none of the impaired classes, exclusive of insiders, has accepted the Plan, as modified.

(e) The Plan does not properly treat City Bank's secured claim. The interest rate proposed under the plan is inconsistent with the market rates charged to similarly situated borrowers proposing similar payment terms.

(f) The Plan is not in the best interest of creditors. City Bank, like other creditors, would be better off obtaining relief from the stay to foreclose its interest in the property, hire its own third-party management company and attempt to sell the property as a going concern without the Debtor's additional administrative costs.

(g) The Plan discriminates unfairly and is not fair and equitable such that it may be confirmed under section 1129(b) of the Bankruptcy Code. Further, the Plan violates the absolute priority rule by allowing equity to retain its interests in the Debtor without first satisfying all claims in full.

9. City Bank has been patient with the Debtor and has given the Debtor and its principals several months to devise a consensual plan with a reasonable probability of success. City Bank has discussed a wide range of alternatives with the Debtor and its principals. City Bank has made it clear through such discussions that a plan would only be acceptable to City

Bank if it provided a meaningful contribution from the Debtor's principals to pay down the secured debt to City Bank and put the Debtor into a position for a successful reorganization. In the days leading up to the confirmation hearing, the Debtor and its principals have given City Bank information and reason to believe that they are either unable to satisfy the terms of the Plan presently proposed, or that they intend to modify terms to the Plan to remove or reduce the capital contributions required by the Debtor and its principals to satisfy City Bank's secured claim. For all of the foregoing reasons, City Bank objects to confirmation of the Plan and asks that the Court grant its motion for relief from the stay, which is set at the same time.

## IV.  CONCLUSION AND PRAYER

WHEREFORE, City Bank respectfully requests an order denying confirmation of the Plan; granting relief from the automatic stay; and providing such other and further relief to which it is justly entitled.

Dated:  September 21, 2012                                    Respectfully submitted by,


*/s/ Mark E. Andrews*
Mark E. Andrews
State Bar No. 01253520
Aaron M. Kaufman
State Bar No. 24060067
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Telephone: 214.698.7800
Facsimile: 214.698.7899
E-Mail: mandrews@coxsmith.com
E-Mail: akaufman@coxsmith.com

**COUNSEL TO CITY BANK, TEXAS**

5

4265241.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of September, 2012, a true and correct copy of the foregoing Objection was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and upon those additional parties listed on the attached Service List by email and/or First Class United States Mail postage prepaid, unless otherwise noted.

                                      */s/ Aaron M. Kaufman*
                                        Aaron M. Kaufman

## SERVICE LIST

**Meecham Hospitality, LLC**
2100 Estes Park Drive
Southlake, TX 76092

**Clayton D. Ketter**
Phillips Murrah P.C.
101 N. Robinson, 13th Floor
Oklahoma City, OK 73102
cdketter@phillipsmurrah.com

**Jeff Carruth**
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
jcarruth@wkpz.com

Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1496
ECF: ustpregion06.da.ecf@usdoj.gov

**Joyce Lindauer**
**Arthur I. Ungerman**
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231

## NOTICES OF APPEARANCE

**Eagle Mountain-Saginaw ISD**
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
PO Box 13430
Arlington TX 76-94-0430
Email: ebcalvo@pbfcm.com

**Tarrant County**
c/o Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., #1600
Dallas, TX 75201
ECF: dallas.bankruptcy@publicans.com

6

4265241.1

| | |
|---|---|
| **William A. Frazell** | **Christopher B. Mosley** |
| Assistant Attorney General | Senior Assistant City Attorney |
| Bankruptcy & Collections Division | City of Fort Worth |
| PO Box 12548 | 1000 Throckmorton Street |
| Austin, Texas 78711-2548 | Fort Worth, Texas 76102 |
| | |
| **Nathan W. Shackelford** | **Lieb M. Lerner** |
| Alston & Bird LLP | Alston & Bird LLP |
| 2828 N. Harwood street, Suite 1800 | 333 South Hope Street, Sixteenth Floor |
| Dallas, Texas 75201 | Los Angeles, California 90071 |
| | |
| **Kevin M. Lippman** | |
| Munsch Hardt Kopf & Harr, P.C. | |
| 3800 Lincoln Plaza | |
| 500 N. Akard Street | |
| Dallas, Texas 75201-6659 | |

3480196.1

7

4265241.1