

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed October 26, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MEECHAM HOSPITALITY, LLC, | § § | CASE NO: 12-40594-rfn-11 |
| DEBTOR. | § | CHAPTER 11 |

**ORDER CONFIRMING DEBTOR'S SECOND PLAN OF
REORGANIZATION DATED JUNE 20, 2012, AS MODIFIED**

CAME ON FOR CONSIDERATION BY THE COURT the *Second Plan of Reorganization Dated June 20, 2012 [Docket No. 99],* ("Plan"), as modified by this Order, filed by Meecham Hospitality, LLC ("Debtor"), Debtor in the above-styled and numbered case, and the Court having considered the evidence presented and the arguments of counsel and for the reasons set forth on the record confirms the Plan.  It is accordingly,

ORDERED, ADJUDGED AND DECREED that the Plan, as modified by this Order, complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

    a.    <u>Section 1129(a)(1)</u>. The Plan, as modified by this Order, complies with the applicable provisions of Title 11.

    b.    <u>Section 1129(a)(2)</u>. The proponent of the Plan has complied with the applicable provisions of Title 11.

    c.    <u>Section 1129(a)(3)</u>. The Plan, as modified by this Order, has been proposed in good faith and not by any means forbidden by law.

    d.    <u>Section 1129(a)(4)</u>. Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

    e.    <u>Section 1129(a)(5)</u>. The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtor, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

    f.    <u>Section 1129(a)(6)</u>. This provision is not applicable.

    g.    <u>Section 1129(a)(7)</u>. With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

    h.    <u>Section 1129(a)(8)</u>. The impaired class of unsecured creditors has voted for the Plan.

       i.       <u>Section 1129(a)(9)</u>.   The Plan provisions include the following:

            1.      Holders of Allowed Administrative Claims will be paid in full.

            2.      Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

       j.       <u>Section 1129(a)(10)</u>.  At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

       k.       <u>Section 1129(a)(11)</u>. The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor. The Debtor has shown they have sufficient cash flow to make the payments called for by the Plan.

       l.       <u>Section 1129(a)(12)</u>.  All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

       m.      <u>Section 1129(a)(13)</u>.  This subsection does not apply to the Debtor.

       n.       <u>Section 1129(a)(14)</u>.  This subsection does not apply to the Debtor.

       o.       <u>Section 1129(a)(15)</u> .  This subsection does not apply to the Debtor.

       p.       <u>Section 1129(a)(16)</u>.  This subsection does not apply to the Debtor.

       q.       The Debtor agrees to the fee amount of $13,500.00 to HHFI and this amount is part of the agreed cure amount of $71,681.23 to HHFI.

       r.       The Texas Workforce Commission shall have two claims in this case: 1) an amended priority claim in the amount of $6,662.65 filed on 6/13/2012 (which amends claim No. 9) and 2) an administrative expense priority tax claim in the amount of $3,018.82 filed on 6/13/2012.

       s.       The Allowed Secured Claim of City Bank Texas shall be treated as follows:

         a.      The Class 4 Claim is an Allowed Secured Claim and shall be based on $10,400,000.00 as its Allowed Secured Claim. The Debtor shall make a $500,000.00 claim reduction on the Effective Date from two sources: $100,000.00 new money from the Debtor's principal and $400,000.00 from the DIP account funds. If there is any shortage the Debtor's principal will make up the difference to make sure City Bank Texas receives the

        $500,000.00. After the $500,000.00 payment and the reduction of approximately $235,000.00 for cash collateral payments made during the case (the actual amount to be determined on the Effective Date) the remaining Allowed Secured Claim amount shall be treated as follows ("Reduced Allowed Secured Claim"). The balance of the DIP account funds shall be retained in an interest bearing account to fund: a) payments to City Bank called for by this Plan; b) operating expenses of the property or c) ad valorem real property taxes. The Reduced Allowed Secured Claim shall be structured into to two notes as follows: a) A first note ("Note A") in the amount of approximately $9,200,000.00 shall be payable on a 30 year amortization over 4 years from the Effective Date with interest thereon for years one and two at the rate of 4% per annum and for years three and four at the rate of 5% per annum and b) A second note ("Note B") in the amount of $465,000.00 interest only from the Effective Date and for the four years of the note term at the rate of 4% per annum, all principal and interest to be paid in full at the maturity in four years. As called for herein principal and interest shall be due and payable monthly in equal monthly payments on the first day of the month and shall continue on the first day of each month thereafter until paid in full. The full balance shall be due 48 months following the Effective Date. Taxes for the current year shall be escrowed in a tax escrow account on a monthly basis starting on the Effective Date and shall be paid along with the mortgage payment at the rate of 1/12 per month.

    b.    City Bank Texas shall be secured for an Allowed Secured Claim on MEECHAM ("Debtor") real and personal property described in its loan documents and financing statements (the "Collateral"), in the amount of approximately $10,400,000.00 as of Confirmation Date. As set forth above this amount will be reduced to take into consideration the adequate protection payments made to City Bank during the Chapter 11 case which shall reduce the amount of the proposed second note ("Note B"). Any unsecured claim of City Bank Texas shall be treated in Class 9 of the Plan.

This modification only modifies subsections a. and b. under treatment of Class 4 Claim in the Plan. All other provisions are as set forth in the Plan.

    t.    The Hotel Management Agreement ("Agreement") between the Debtor and HMC Hospitality Operating Company, dated effective as of May 15, 2012, shall not be modified by the Plan or this Order, except that the Minimum Balance (as such term is defined in the Agreement) shall be permitted to be reduced to not less than $65,000.00 to provide the Debtor some of the funds it needs to make the required payment to City Bank on the Effective Date of the Plan; <u>provided</u>, <u>however</u>, Jagmohan Dhillon shall deposit in the Bank Account (as such term is defined in the Agreement) not later than October 27, 2012 (which is 30 days after funds were withdrawn from the Bank Account causing that account to be reduced to $65,000.00) an amount necessary

to raise the balance in the Bank Account to not less than the Minimum Balance (i.e., $100,000.00).

ORDERED, ADJUDGED AND DECREED that the Plan, as modified by this Order, is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is closed.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
8140 Walnut Hill Lane, Suite 301
Dallas, TX 75231
Telephone: (972) 503-4033
Facsimile: (972) 503-4034