ARTHUR I. UNGERMAN
JOYCE W. LINDAUER
Attorneys at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
PH   (972) 239-9055
FAX (972) 239-9886
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MEECHAM HOSPITALITY, LLC, § | CASE NO. 12-40594-rfn-11 |
| § | Chapter 11 |
| § | |
| DEBTOR. § | |

MOTION TO AMEND ORDER CONFIRMING DEBTOR'S SECOND PLAN OF
REORGANIZATION DATED JUNE 20, 2012 AS MODIFIED

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S.COURTHOUSE, 501 W. 10TH ST. FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON FEBRUARY 2, 2013 WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW MEECHAM HOSPITALITY, LLC, the Chapter 11 Debtor in the above styled and referenced bankruptcy case (the "Debtor"), and files this its *Motion to Amend Order Confirming Debtor's Second Plan of Reorganization Dated June 20, 2012 as Modified* (the "Motion") pursuant to Federal Rules of Civil Procedure 60 (a)-(b) and in support of same would respectfully show the following:

1

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On February 2, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

3. The Court entered its Order Confirming Debtor's Second Plan of Reorganization Dated June 20, 2012 as Modified ("Original Confirmation Order") on October 26, 2012.

4. Due to an oversight on the part of the Debtor, certain agreed upon terms pertaining to the treatment to the claims of Tarrant County and the City of Fort Worth (the "Taxing Authorities") were not included in the Original Confirmation Order.

5. To correct this oversight, Debtor requests that the Court enter an amended confirmation order in the form and substance set forth in **Exhibit "A"** attached hereto, that includes the following language:

    a. **Class 2 Claims.** The Class 2 Claim of Tarrant County shall be treated as follows:

> Tarrant County is the holder of a prepetition claim for year 2012 ad valorem real property taxes. The Debtor/Reorganized Debtor shall either pay Tarrant County's claim in full prior to the state law delinquency date or will pay the claim in equal monthly payments over a term of months calculated to pay its claim in full no later than the fifth anniversary of the Petition Date with payments beginning on the first day of the month following the Effective Date of the Plan with interest from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 as well as post Effective Date Interest of 12% per annum pursuant to 11 U.S.C. Sections 511 and 1129 until paid in full. Tarrant County shall retain the liens that secure its claim and such liens shall retain their senior statutory priority until it receives payment in full. In the event of an objection to Tarrant County's claim, the Debtor/Reorganized Debtor shall make payments that shall be applied to the undisputed portion of Tarrant County's claim. In the event of a default under the Plan, counsel for Tarrant County shall provide notice of such default to counsel for the Debtor/Reorganized Debtor via facsimile. If the Debtor/Reorganized Debtor fails to cure an event of default within ten days of the date of

transmission of the notice of default, then Tarrant County shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, Tarrant County shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law outside of the Bankruptcy Court without further notice to the Debtor/Reorganized Debtor. Failure to pay postpetition taxes prior to the state law delinquency date shall constitute an event of default under the plan.

b. **Class 3 Claims**. The Class 3 Claim of the City of Fort Worth shall be paid as follows:

The City of Fort Worth (the "City") is the holder of a priority unsecured prepetition claim for Hotel Occupancy Taxes. The City shall receive payment of its prepetition priority unsecured claim in equal monthly payments over a term of months calculated to pay its claim in full no later than the fifth anniversary of the Petition Date with payments beginning on the first day of the month following the Effective Date of the Plan. The City shall receive interest on its claim at the rate of 5% per annum. Section 8.01 of the Plan does not apply. In the event of an objection to the City's prepetition claim, the Debtor/Reorganized Debtor shall make plan payments which will be applied to the undisputed amount of the claim. The Debtor/Reorganized Debtor shall timely comply with all postpetition Hotel Occupancy Tax reporting requirements and shall timely pay all postpetition Hotel Occupancy Taxes. The following shall constitute an event of default: (a) a failure by the Debtor/Reorganized Debtor to make a payment to the City on its prepetition claim; (ii) failure to pay postpetition ad valorem property taxes prior to the applicable delinquency date under state law; (iii) failure to comply with applicable non-bankruptcy Hotel Occupancy Tax reporting requirements; and (iv) failure to timely pay postpetition Hotel Occupancy Taxes. Upon the occurrence of an event of default, counsel for Tarrant County and or the City shall provide notice of such default to counsel for the Debtor/Reorganized Debtor via facsimile. If the Debtor/Reorganized Debtor fails to cure an event of default within ten days of the date of transmission of the notice of default, then Tarrant County and/or the City shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, Tarrant County and/or the City shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law outside of the Bankruptcy Court without further notice to the Debtor/Reorganized Debtor. Section 9.03 of the Plan does not apply to the City. Confirmation of the Plan does not release any officer, manager, director, member, or any other party from personal liability for Hotel Occupancy Taxes.

WHEREFORE, PREMISES CONSIDERED, Debtor requests that the Court enter an amended confirmation order in the form and substance set forth in **Exhibit "A"** attached hereto, and for such other and further relief to which the Debtor may show itself justly entitled.

3

**DATED** January 9, 2013

                                        Respectfully submitted,
                                        /s/ Arthur I. Ungerman
                                        Arthur I. Ungerman
                                        SBN: 200391000
                                        Joyce W. Lindauer
                                        21555700
                                        8140 Walnut Hill Ln.
                                        Suite 301
                                        Dallas, TX 75231
                                        (972) 239-9055
                                        (972) 239-9886 Fax
                                        ATTORNEYS FOR DEBTOR

                                     By:/s/ Arthur I. Ungerman
                                        Arthur I. Ungerman

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013 a true and correct copy of the foregoing document was sent to those persons on the attached service list.

**See Mailing Matrix**

                                        /s/ Arthur I. Ungerman
                                        Arthur I. Ungerman